## MILLER v. HERBST.

(Supreme Court, Appellate Division, First Department. April 24, 1903.)

**1. APPEAL—QUESTION OF FACT—VERDICT—CONCLUSIVENESS.**

Where a question of fact as to the reasonable value of services rendered in taking, executing, and returning a commission was submitted to the jury under instructions eminently fair to defendant, as evidenced by the fact that he took no exception to them, a verdict for the amount claimed by plaintiff cannot be said to be against the weight of the evidence.

Van Brunt, P. J., and Laughlin, J., dissenting.

Appeal from Trial Term, New York County.

Action by Sol I. Miller against Robert Herbst. From a judgment for plaintiff and an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Charles L. Guy, for appellant.

George Whitefield Betts, Jr., for respondent.

McLAUGHLIN, J. The plaintiff, as the assignee of one Julian Haugwitz, brought this action to recover the sum of $839.47, a balance alleged to be due for services rendered and expenses incurred at Santos, Brazil, in taking, executing, and returning a commission issued out of the United States Circuit Court for the Southern District of New York. The complaint alleged that the reasonable value of the services rendered and expenses incurred was $973, upon which the sum of $133.53 had been paid, and judgment was demanded for the balance, together with interest thereon. The answer, in substance, admitted the services rendered and expenses incurred, but denied that the value and amount thereof were as alleged, and set up as a separate defense that the plaintiff's assignor agreed to render such services for the fees and compensation specified in the Statutes of the United States. At the trial the plaintiff's assignor denied that there was any agreement on his part to accept as compensation for his services in taking, executing, and returning the commission the fees specified in the United States Statutes, nor did the defendant offer any testimony which would have justified the jury in finding that any such agreement was made. It is true the defendant's witness Owen testified that at a conversation held between him and the plaintiff's assignor prior to the execution of the commission he read or stated to him what the fees would be as fixed in the Statutes, but, when asked as to whether the plaintiff's assignor was satisfied with the amount of the fees named, he answered: "I ought to say this: I have tried to remember the conversation. It is impossible." The plaintiff's assignor stated at length what he did, which included time spent from about the middle of August until the first of October in translation of the interrogatories from English into German, French, or Portuguese, as well as translations of answers given by the different witnesses whom he had induced to voluntarily come before him—there being no process by which their

attendance. could be compelled; the retranslation of the English into the languages mentioned, made necessary by the refusal of the witnesses to sign their depositions without reading the same; and the translation and certification of documents. He also stated, and no objection was made thereto, that his services were reasonably worth $20 per day; that he subsequently rendered a bill to the defendant; and it is to be observed that the defendant testified, "I made no objection to the bill at that time, but I told him afterwards that I would pay him." Clearly, a question of fact was presented for the jury, and this seems to have been the view of the defendant's counsel at the trial, inasmuch as no motion was made at the close of plaintiff's case, or at the close of the whole case, to dismiss the complaint. The case was submitted to the jury under instructions which were eminently fair to the defendant, as is evidenced by the fact that defendant took no exception to them; and their verdict for the amount claimed by plaintiff cannot be said, therefore, to be against the weight of evidence.

We have examined the errors alleged to have taken place during the trial, but do not think they were prejudicial to the defendant.

It follows, therefore, that the judgment and order appealed from must be affirmed, with costs.

PATTERSON and O'BRIEN, JJ., concur. VAN BRUNT, P. J., dissents. .

LAUGHLIN, J. I dissent on the ground that I consider the recovery excessive, and against the weight of the evidence as to the value of the services rendered.